

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-13-2003

# Mountbatten Surety v. AFNY Inc

Precedential or Non-Precedential: Non-Precedential

Docket 01-3605

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Mountbatten Surety v. AFNY Inc" (2003). *2003 Decisions.* Paper 885.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/885

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

NO. 01-3605

THE MOUNTBATTEN SURETY COMPANY, INC.

v.

AFNY, INC.,
                    Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 99-cv-02687 )
District Judge:  Hon. Stewart Dalzell

Argued December 19, 2002

Before:  SLOVITER, McKEE, and ROSENN, Circuit Judges

(Filed: January 10, 2003)

Alan R. Feuerstein  (Argued)
Feuerstein & Smith, LLP
Buffalo, New York 14202-1502

     Attorney for Appellant

M. Faith McGarrity  (Argued)
C. Michael Rowan
     On the Brief
McElroy, Deutsch & Mulvaney, LLP
Morristown, New Jersey 07962-2075

     Attorneys for Appellee

OPINION OF THE COURT

SLOVITER, Circuit Judge.

     Appellant AFNY, Inc. appeals from an order granting summary judgment in favor
of Mountbatten Surety Company, Inc. on its claims for misrepresentation,
misappropriation of trade secrets and tortious interference with contractual relations and
prospective contractual relations.  Because the parties are fully aware of the evidence, we
need not summarize it in this opinion.  For the reasons that follow, we will affirm.
                              I.
                          BACKGROUND
     Mountbatten is a surety company that issues bonds to cover various risks,
including risks associated with construction projects.  AFNY is a surety bond wholesaler
that acts as a conduit between the brokers of those who wish to be insured, also known as
producers, and surety companies like Mountbatten.  AFNY earns commissions on the
premiums paid on the bonds that are issued through it.

AFNY began placing surety bond accounts with Mountbatten in 1997 and the parties formalized their relationship in an Agency Agreement dated March 11, 1998. Under the Agency Agreement, AFNY was appointed as Mountbatten's agent to solicit business for it and to collect premiums, and AFNY received a specified commission on the bond premiums and an additional contingency payment based upon certain factors. Either party could terminate the Agency Agreement with thirty days written notice.

In August 1998, Fidelity and Deposit Company of Maryland ("F & D") acquired Mountbatten, which continued to act independently as a wholly-owned subsidiary. F & D and AFNY also entered into an Agency Agreement which gave AFNY authority to solicit bond applications and receive premiums for F & D in exchange for a commission. Either party could terminate the Agency Agreement with ninety days notice.

On January 19, 1999, Mountbatten notified AFNY by letter that it was terminating the Agency Agreement in thirty days. On March 11, 1999, F & D notified AFNY by letter that it was terminating their Agency Agreement in ninety days.

On May 26, 1999, Mountbatten sued AFNY, alleging in part that AFNY failed to remit to Mountbatten premium payments that were due under the Agency Agreement. AFNY counterclaimed against Mountbatten and impleaded F & D, alleging, among other things, misrepresentation, misappropriation of trade secrets and tortious interference with contractual relations and prospective contractual relations. AFNY averred that it disclosed its list of producers to Mountbatten after Mountbatten falsely represented that it wanted the list for AFNY's protection. AFNY alleged that Mountbatten then used the list to solicit business directly from these producers, and that F & D encouraged these actions. F & D counterclaimed against AFNY, alleging that AFNY had failed to remit premium payments to F & D.

Mountbatten and F & D moved for summary judgment on their claims against AFNY and AFNY's counterclaims against them. With respect to Mountbatten's and F & D's claims against AFNY for the outstanding premium payments, the District Court granted summary judgment in favor of Mountbatten and F & D, finding that AFNY breached the Agency Agreements by retaining bond premiums instead of paying them over to Mountbatten and F & D. AFNY does not appeal this ruling.

The District Court also granted summary judgment in favor of Mountbatten and F & D on AFNY's counterclaim for misrepresentation, misappropriation of trade secrets and tortious interference with contractual relations and prospective contractual relations. AFNY conceded in the District Court that it had no evidence supporting these claims against F & D. However, it appeals the District Court's ruling with respect to its counterclaim against Mountbatten.

## II.
## JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction pursuant to 28 U.S.C. 1332. We have jurisdiction pursuant to 28 U.S.C. 1291. Our standard of review of a grant of summary judgment is plenary. Horowitz v. Federal Kemper Life Assur. Co., 57 F.3d 300, 302 n.1 (3d Cir. 1995). Summary judgment is warranted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

## III.
## DISCUSSION

As recognized by the District Court, AFNY's claim of misrepresentation is based upon its allegation that Mountbatten falsely represented, when requesting AFNY's list of producers, that it would protect the information on the list and that it sought the list in order to protect AFNY. It is undisputed that Mountbatten asked AFNY to provide it the names of its producers, and that it told AFNY that it sought this information so that it would not inadvertently do business with AFNY's producers.

AFNY contends that after it relied on Mountbatten's representation and provided it the names of its producers, Mountbatten used the list to solicit them. AFNY also contends that by soliciting AFNY's producers, Mountbatten misappropriated its trade secrets. In addition, AFNY alleges that Mountbatten's solicitation efforts interfered with its existing and prospective contractual relations with its producers. In order to have prevailed on each of these claims, AFNY must have proven that Mountbatten solicited its producers.

In granting summary judgment in favor of Mountbatten, the District Court thoroughly reviewed the evidence and found that AFNY produced no direct evidence of solicitation by Mountbatten, and that no reasonable jury could infer that Mountbatten solicited AFNY's producers and agents.

On appeal, AFNY disputes that it failed to present sufficient evidence to survive summary judgment. It argues that the District Court did not draw all inferences in its favor, and that the court improperly disregarded the bulk of its evidence because it is hearsay. These arguments lack merit. For the reasons provided by the District Court, we find the evidence insufficient to create an issue of material fact for trial. Further, we hol that the District Court properly excluded AFNY's hearsay evidence in determining whether there was an issue for trial because the hearsay statements were not capable of admission at trial. See Blackburn v. United Parcel Serv., 179 F.3d 81, 95-103 (3d Cir. 1999) (hearsay evidence that was not capable of being admitted at trial could not be considered on a motion for summary judgment); Philbin v. Trans Union Corp., 101 F.3d 957, 961 n.1 (3d Cir. 1996) (same). We note that there was no suggestion of record that AFNY intended to, or would be able to, offer admissible evidence to support the challenged hearsay evidence it provided to the District Court.

IV.

CONCLUSION

For the reasons discussed above, we will affirm the order of the District Court.


TO THE CLERK:

Please file the foregoing opinion.


/s/Dolores K. Sloviter
Circuit Judge